UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT L. ALLUM, | ) |
| Plaintiff, | ) 3:10-CV-00700-LRH-RAM |
| v. | ) |
| | ) ORDER |
| STATE OF NEVADA, COUNTY OF WASHOE, MEALS-ON-WHEELS, GALLAGHER BASSETT SERVICES, INC., and DOES I-X, inclusive, | ) |
| Defendants. | ) |

Presently before the court are defendants Gallagher Bassett Services, Inc. ("Gallagher Bassett"), Meals-on-Wheels, and the County of Washoe's (collectively, "Defendants") motions to dismiss (Docs. #7, #11, and #19, respectively).[1] Plaintiff Robert L. Allum ("Allum") filed an opposition to each of these motions (Docs. #23, #24, and #25), to which each defendant replied (Docs. #27, #28, and #29).

**I. Factual Background**

This action involves alleged violations of Allum's procedural and substantive due process rights, as well as certain unspecified state fraud and personal injury tort claims, arising out of injuries Allum sustained in a motor vehicle accident in Reno, Nevada. Allum, a citizen of the State

---

[1] Refers to the court's docket number.

1  of Montana, alleges that while he was visiting the city of Reno, Nevada, on or about November 10,
2  2008, he was struck and injured by a delivery vehicle operated by an unknown employee of
3  defendant Meals-on-Wheels, an elderly care service that operates under the legal authority of the
4  defendant County of Washoe.  As a result of the accident, Allum sustained injuries requiring
5  medical treatment and incurred medical expenses.
6        Defendant Gallagher Bassett, the insurance provider assigned to administer Allum's claim,
7  allegedly refused to pay Allum's medical bills until the entire claim was settled.  Allum asserts that
8  Gallagher Bassett's refusal was authorized by the laws of the defendant State of Nevada.
9        On November 8, 2010, Allum filed a complaint against the State of Nevada, the County of
10 Washoe, Meals-on-Wheels, and Gallagher Bassett, asserting three causes of action: (1) violations
11 of procedural due process; (2) violations of substantive due process; and (3) fraud and personal
12 injury (Doc. # 1).
13 **II.  Legal Standard**
14       Defendants seek dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6), for failure
15 to state a claim upon which relief can be granted, and 9(b), for failure to plead fraud with
16 particularity.  To survive a motion to dismiss for failure to state a claim, a complaint must satisfy
17 the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard.  *See Mendiondo v. Centinela*
18 *Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  That is, a complaint must contain "a short
19 and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.
20 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however,
21 a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause
22 of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic*
23 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
24       Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,
25 accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting
26

1  *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows
2  the court to draw the reasonable inference, based on the court's judicial experience and common
3  sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility
4  standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a
5  defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a
6  defendant's liability, it stops short of the line between possibility and plausibility of entitlement to
7  relief." *Id.* at 1949 (internal quotation marks and citation omitted).

8      In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as
9  true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of
10 the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*
11 *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)
12 (internal quotation marks omitted). The court discounts these allegations because "they do nothing
13 more than state a legal conclusion—even if that conclusion is cast in the form of a factual
14 allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to
15 dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be
16 plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

17 **III. Discussion**

18     In their motions to dismiss, Defendants argue that this court should dismiss Allum's
19 42 U.S.C. § 1983 federal civil rights claims because Allum has failed to plead sufficient facts to
20 demonstrate an underlying deprivation of constitutional rights (Doc. #7, #11, and #19).

21     **A. Failure to Plead Sufficient Facts for a 42 U.S.C. § 1983 Claim**

22     To prevail on a claim brought under 42 U.S.C. § 1983, a plaintiff must allege that the
23 defendant: (1) while acting under color of any statute, ordinance, regulation, custom or usage of any
24 State or territory; (2) subjects, or causes to be subjected, any person within the jurisdiction of the
25 United States to the deprivation of any rights, privileges, or immunities secured by the Constitution
26

and laws of the United States. *Cohen v. Norris*, 300 F.2d 24, 30 (9th Cir. 1962); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Here, Allum is asserting that Gallagher Bassett and the County of Washoe's refusal to pay the medical bills he incurred as a result of his automobile accident prior to an adjudication of fault constitutes a violation of his constitutional rights to equal protection and due process of law (Doc. #1).  However, Allum does not identify any state law under which Gallagher Bassett or the County of Washoe were allegedly operating, nor does Allum explain precisely how these defendants' refusal to pay his medical expenses until the claim is fully settled and liability established violates his constitutional rights.  Allum also fails to explain what action Meals-on-Wheels allegedly perpetrated to violate his constitutional rights, or how Meals-on-Wheels is sufficiently related to Gallagher Bassett and the County of Washoe to justify imputing their actions to Meals-on-Wheels.

Further, Allum alleges that the Defendants have denied his "substantive rights to 'no fault' automobile insurance coverage for health care" by refusing to pay his medical expenses until the entire claim is settled (Doc. #1, p. 9).  The Supreme Court has noted that constitutionally protected property interests subject to protection under Section 1983 are " '. . . not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.' " *Town of Castle Rock, Colorado v. Gonzalez*, 545 U.S. 748, 756 (2005) (quoting *Paul v. Davis*, 424 U.S. 693, 709 (1976)).  As Nevada has not adopted the "no fault" automobile insurance system, however, there is no source entitling Allum to a protected property interest in "no fault" insurance payments under Nevada law.  Nevada courts have held on several occasions that a plaintiff has "no right to recover damages from [an] insurance company in the absence of a judgment against the insured." *Hunt v. State Farm Mut. Auto. Ins. Co.*, 655 F. Supp. 284, 286 (D. Nev. 1987) (citing *Roberts v. Farmers Ins. Co.*, 533 P.2d 158, 159 (Nev. 1975)).

4

1   For these reasons, the court finds that Allum has failed to plead an underlying constitutional
2   deprivation sufficient to state a claim upon which relief can be granted.  Therefore, the court shall
3   grant the Defendants' motions as to this issue and dismiss Allum's Section 1983 claims against all
4   Defendants.

**B. Federal Jurisdiction**

6   Based on Allum's complaint, this court exercised federal question jurisdiction over the case
7   arising from his 42 U.S.C. § 1983 civil rights claims.  *See* 28 U.S.C. § 1331 (stating that federal
8   district courts shall have original jurisdiction of "all civil actions arising under the . . . laws . . . of
9   the United States").  With the dismissal of Allum's federal civil rights claims, above, however, the
10  court has dismissed the only claims over which it has original jurisdiction.  Although this court
11  retains supplemental jurisdiction over Allum's remaining claims pursuant to 28 U.S.C. § 1367, the
12  court may decline to exercise this jurisdiction due to the dismissal of the Section 1983 claims.  28
13  U.S.C. § 1367(c)(3).  In light of the pending expiration of the statute of limitations, the court will
14  retain jurisdiction over Allum's state law claims.  28 U.S.C. § 1367(c)(3).

15  The court, however, recognizes that several of Allum's remaining state law claims are
16  without merit.  First, Allum has failed to plead his state law fraud cause of action with the required
17  specificity.  FRCP 9(b) requires allegations of fraud to be pled with particularity.  This is a more
18  stringent pleading standard than FRCP 8's typical "short and plain statement" and requires that
19  "allegations of fraud . . . be 'specific enough to give defendants notice of the particular misconduct
20  which is alleged . . . .'"  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting
21  *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993)).  The plaintiff is typically required to allege
22  the requisite who, what, where, when, and how of the fraudulent misconduct charged.  *See Vess v.*
23  *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Allum, however, does not allege the
24  who, what, where, when, and how of his fraud cause of action with even a modicum of specificity.
25  Indeed, he fails to even allege a specific act or misrepresentation perpetrated by the defendants.  For

5

this reason, the court shall dismiss Allum's state fraud claim against all remaining defendants without prejudice.

Allum's state tort personal injury causes of action against the County of Washoe and Gallagher Bassett also lack merit. Although the County of Washoe may have been allowing Meals-on-Wheels to operate "under the legal authority of" its Senior Services Department (Doc. #1, p. 3), Meals-on-Wheels was not directly employed by the county. Rather, it was employed as an independent contractor, engaging in an activity–delivering meals to the elderly–that was not within the typical purview of the state. As the Nevada Supreme Court has stated, "[t]he law is established beyond question, that one for whom services are performed by an independent contractor is not liable for the negligence or other delict or tort of such independent contractor." *Wells, Inc., v. Shoemake*, 64 Nev. 57, 64 (1947). The County of Washoe, therefore, cannot be held vicariously liable for the accident caused by Meals-on-Wheels. Similarly, as Gallagher Bassett notes in its motion to dismiss (Doc. #7, p. 13), Nevada law stipulates that a "plaintiff ha[s] no right to recover damages from [an] insurance company in the absence of a judgment against the insured." *Hunt*, 655 F. Supp. at 286 (citing *Roberts*, 533 P.2d at 159). Thus, without a personal injury judgment against Meals-on-Wheels, Allum cannot bring a personal injury cause of action against Gallagher Bassett. For these reasons, the court shall also dismiss Allum's state tort personal injury causes of action against the County of Washoe and Gallagher Bassett without prejudice.

///
///
///
///
///
///
///

IT IS THEREFORE ORDERED that Gallagher Bassett Services, Inc. and the County of Washoe's motions to dismiss (Docs. #7 and #19) are hereby GRANTED. These parties shall be DISMISSED as defendants to this action.

IT IS FURTHER ORDERED that Meals-on-Wheels' motion to dismiss (Doc. #11) is hereby GRANTED IN PART and DENIED IN PART. Plaintiff Robert L. Allum's § 1983 federal civil rights claims and state law fraud claims (Doc. #1) are hereby DISMISSED, and his state law personal injury claims are RETAINED.

IT IS SO ORDERED.

DATED this 30th day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE