1

2

3

4

5

6                         UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                      * * *

9   ROBERT L. ALLUM,                    )
                                        )
10               Plaintiff,             )          3:10-CV-00700-LRH-RAM
                                        )
11  v.                                  )
                                        )          ORDER
12  STATE OF NEVADA, COUNTY OF          )
    WASHOE, MEALS-ON-WHEELS,            )
13  GALLAGHER BASSETT SERVICES, INC.,   )
    and DOES I-X, inclusive,            )
14                                      )
                 Defendants.            )
15  _____ )

16         Presently before the court is defendant State of Nevada's motion to dismiss (Doc. #5).[1]

17  Plaintiff Robert L. Allum ("Allum") filed an opposition to the motion (Doc. #16), to which the

18  State of Nevada replied (Doc. #21).

19  **I.  Factual Background**

20         This action involves alleged violations of Allum's procedural and substantive due process

21  rights, as well as certain unspecified state fraud and personal injury tort claims, arising out of

22  injuries Allum sustained in a motor vehicle accident in Reno, Nevada.  Allum, a citizen of the State

23  of Montana, alleges that while he was visiting the city of Reno, Nevada, on or about November 10,

24  2008, he was struck and injured by a delivery vehicle operated by an unknown employee of

25

26  _____

          [1] Refers to the court's docket number.

defendant Meals-on-Wheels, an elderly care service that operates under the legal authority of the County of Washoe.  As a result of the accident, Allum sustained injuries requiring medical treatment and incurred medical expenses.

Defendant Gallagher Bassett, the insurance provider assigned to administer Allum's claim, allegedly refused to pay Allum's medical bills until the entire claim was settled.  Allum asserts that Gallagher Bassett's refusal was authorized by the laws of the State of Nevada.

On November 8, 2010, Allum filed a complaint against the State of Nevada, the County of Washoe, Meals-on-Wheels, and Gallagher Bassett, asserting three causes of action: (1) violations of procedural due process; (2) violations of substantive due process; and (3) fraud and personal injury (Doc. # 1).  Thereafter, on March 22, 2011, the State of Nevada filed the present motion to dismiss (Doc. # 5).

**II.  Legal Standard**

The State of Nevada seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard.  *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common

sense, that the defendant is liable for the misconduct alleged.  *See id.* at 1949-50.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true.  *Id.*  However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted).  The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation."  *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.)  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Id.*

**III.  Discussion**

In its motion to dismiss, the State of Nevada argues that the court should dismiss Allum's claims for four reasons: (1) Allum's complaint fails to identify any specific claim against the State of Nevada; (2) Allum's claims against the State of Nevada are barred by the doctrine of state sovereign immunity, as elaborated in the Eleventh Amendment of the United States Constitution; (3) Allum's federal civil rights claims against the State of Nevada are improper as a matter of law because the State of Nevada is not a "person" for the purposes of 42 U.S.C. § 1983; and (4) if the federal claims are dismissed, Allum's state tort claims against the State of Nevada must be dismissed because the State of Nevada is not a "citizen of another state" for purposes of federal diversity jurisdiction (Doc. # 5).  Because the State of Nevada is correct that the doctrine of state sovereign immunity bars it from suit in this case, the court's order shall only address this issue.

**A.  State Sovereign Immunity**

The Eleventh Amendment of the United States Constitution states, in relevant part, that "[t]he Judicial power of the United States shall not . . . extend to any suit . . . commenced or prosecuted against one of the United States by Citizens of another State."  U.S. CONST. Amend. XI.  For all practical purposes, the Eleventh Amendment provides the legal basis for the doctrine of state sovereign immunity; however, it should be noted that "the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today."  *Alden v. Maine*, 527 U.S. 706, 713 (1999).  In other words, state sovereign immunity is *not* derived from the Constitution itself, but, rather, is a natural "presupposition of [the U.S.] constitutional structure."  *Blatchford v. Native Vill. of Noatak & Circle Vill.*, 501 U.S. 775, 779 (1991).  Regardless of the precise origin of the doctrine, however, the simple fact remains that a "State [is not] subject to suit in federal court unless it has consented to suit."  *Id.*; *see Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890).  Here, the State of Nevada has not consented to suits such as the one currently before this court.  *See* Nev. Rev. Stat. § 41.031(3) (2009) ("The State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States.").

In his opposition, Allum argues that the full text of NRS Chapter 41–a lengthy chapter of the NRS, encompassing over one hundred separate statutes–shows that the State of Nevada *has* waived its sovereign immunity (Doc. #16).  This argument is without merit.  While it is certainly true that the State of Nevada has waived its sovereign immunity in certain limited situations with respect to suits brought by its own citizens,[2] NRS 41.031(3) conclusively states that the State of Nevada has *not* waived its Eleventh Amendment sovereign immunity in suits brought by citizens of other states.  Therefore, the court finds that the State of Nevada is immune from suit in this action.

---

[2] *See* Nev. Rev. Stat. § 41.031(1)-(2)

1    Accordingly, the court shall grant the State of Nevada's motion to dismiss.

2

3        IT IS THEREFORE ORDERED that the State of Nevada's motion to dismiss (Doc. # 5) is

4    hereby GRANTED.  The State of Nevada is DISMISSED as a defendant in this action.

5        IT IS SO ORDERED.

6        DATED this 7th day of July, 2011.

7

8

9                                          _____
                                           LARRY R. HICKS
10                                         UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                          5