1
2
3
4
5
6
UNITED STATES DISTRICT COURT
7
DISTRICT OF NEVADA
8
* * *
9
ROBERT L. ALLUM,                      )
                                      )
10
          Plaintiff,                  )          3:10-CV-00700-LRH-RAM
                                      )
11
v.                                    )
                                      )          ORDER
12
STATE OF NEVADA; et al.,              )
                                      )
13
          Defendants.                 )
_____ )
14
15          Presently before the court are plaintiff Robert L. Allum's ("Allum") motion for recusal
16  (Doc. #37[1]) and motion for reconsideration of the court's June 30, 2011 and July 7, 2011 orders
17  (Doc. #38).
18  **I.  Factual Background**
19          This action involves alleged violations of Allum's procedural and substantive due process
20  rights, as well as certain unspecified state fraud and personal injury tort claims, arising out of
21  injuries Allum sustained in a motor vehicle accident in Reno, Nevada.
22          On November 8, 2010, Allum filed a complaint against defendants State of Nevada;
23  the County of Washoe; Meals-on-Wheels and Gallagher Bassett Services, Inc. asserting three
24  causes of action: (1) violations of procedural due process; (2) violations of substantive due process;
25
26
_____
          [1] Refers to the court's docket number.

1  and (3) fraud and personal injury. Doc. #1. In response, each defendant filed a motion to dismiss.

2  *See* Doc. #5 (State of Nevada); Doc. #7 (Gallagher Basset Services, Inc.); Doc. #11 (Meals-on-

3  Wheels); Doc. #19 (County of Washoe).

4  On June 30, 2011, the court granted defendants Gallagher Basset Services, Inc. and the

5  County of Washoe's motions to dismiss. Doc. #30. In the same order the court also granted in-part

6  and denied in-part defendant Meals-on-Wheels motion to dismiss. *Id*. Subsequently, on July 7,

7  2011, the court granted defendant State of Nevada's motion to dismiss. Doc. #32. Thereafter,

8  Allum filed the present motions for recusal (Doc. #37) and for reconsideration of the court's June

9  30, 2011 and July 7, 2011 orders (Doc. #38).

10  **II. Motion for Recusal**

11  Recusal is governed by 28 U.S.C. §§ 144 and 455. The standard for recusal in sections 144

12  and 455 is "whether a reasonable person with knowledge of all the facts would conclude that the

13  judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939

14  (9th Cir. 1986). The alleged prejudice must result from an extrajudicial source; a judge's prior

15  adverse ruling is not sufficient cause for recusal. *Id.*

16  In his motion for disqualification, Allum argues that this court should be disqualified from

17  this action because of the court's past employment as a deputy district attorney, chief deputy district

18  attorney, and district attorney for defendant County of Washoe from 1968 through 1979. *See*

19  Doc. #37.

20  Allum's motion is without merit. First, the court's prior employment with the County of

21  Washoe over thirty (30) years ago does not establish any bias or prejudice. It is axiomatic that prior

22  to taking the bench, federal judges work as attorneys in the public and private sectors. Second,

23  Allum has failed to identify any specific act or conduct by the court which evidences bias or

24  prejudice. Thus, Allum's allegations are insufficient for "a reasonable person with knowledge of all

25  the facts" to question the court's impartiality. *Studley*, 783 F.2d at 939.

26

2

1    Additionally, Allum argues that the court is biased simply because it granted defendants'

2    motions to dismiss. *See* Doc. #37. Although Allum is unhappy with the orders adverse to him,

3    which is understandable, a judge's prior adverse ruling is not sufficient cause for recusal. *See*

4    *Studley*, 783 F.2d at 939.

5    Therefore, based on the record before the court and the pleadings and documents on file in

6    this matter, the court finds that Allum has failed to demonstrate any extrajudicial influence or

7    relationship that would lead a reasonable person to conclude that the impartiality of this court might

8    reasonably be questioned. *See* 28 U.S.C. § 455(a). In the absence of a legitimate reason to recuse, a

9    judge should participate in all cases assigned. *United States v. Holland*, 510 F.3d 909, 912 (9th Cir.

10   2008). Accordingly, the court shall deny Allum's motion for recusal.

11   **III.  Motion for Reconsideration**

12   Allum brings his motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A motion

13   under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and

14   conservation of judicial resources." *Kona Enters., Inc. v. Estaet of Bishop*, 229 F.3d 887, 890 (9th

15   Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is

16   presented with newly discovered evidence, an intervening change of controlling law, manifest

17   injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United*

18   *States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v.*

19   *AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

20   The court has reviewed the documents and pleadings on file in this matter and finds that

21   reconsideration of the court's June 30, 2011 and July 7, 2011 order is not warranted. Allum's sole

22   basis for reconsideration is his assumption that the court erred in its legal conclusions in this action.

23   However, Allum fails to provide any factual or legal support for his opinion. Further, Allum fails to

24   provide any information or legal authority that was not already before the court at the time it issued

25   its orders. As such, reconsideration is not warranted. *See e.g., Brown v. Kinross Gold, U.S.A.*, 378

26

1  F.Supp.2d 1280, 1288 (D. Nev. 2005) ("reconsideration is not an avenue to re-litigate the same

2  issues and arguments upon which the court already has ruled."). Accordingly, the court shall deny

3  Allum's motion for reconsideration.

4

5         IT IS THEREFORE ORDERED that plaintiff's motion for recusal (Doc. #37) and motion

6  for reconsideration (Doc. #38) are DENIED.

7         IT IS FURTHER ORDERED that plaintiff's motion to extend time to file motion for

8  reconsideration (Doc. #36) is GRANTED nunc pro tunc.

9         IT IS SO ORDERED.

10        DATED this 25th day of August, 2011.

11

12

13                                          _____
                                            LARRY R. HICKS
14                                          UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

4